White et ux. *v.* Corporation of Yazoo City.

GREENUP WHITE et ux. *v.* CORPORATION OF YAZOO CITY.

Where the charter of a town or city gives the corporate authorities power to cause to be opened, graded, and repaired, or otherwise improved, any street, lane, alley, &c., and it is not shown that such power was wantonly and unnecessarily exercised by the corporate authorities in making the improvement: — *Held*, that no action can be sustained against the corporation by a party who has sustained damage to his property in consequence of the work, by the direction of the corporate authorities.

Where the act is done for the public good and under competent authority: — *Held*, that the general good must prevail over partial individual inconvenience.

In error from the circuit court of Yazoo county; Hon. Robert C. Perry, judge.

This was a suit instituted by the plaintiffs in error against the corporation of Yazoo City, to recover damages on account of a ditch, sewer, or culvert made by the corporate authorities of Yazoo City, within and upon the sidewalks of said city, whereby the property of said appellants was greatly damaged. The court below refused to let testimony to prove consequential damages incurred to his property on account of said works, go

White et ux. *v.* Corporation of Yazoo City.

to the jury; and appellants excepted to ruling of the court and prayed a writ of error to this court.

*E. C.* and *G. B. Wilkinson* for appellants.

*Gibbs* and *Bowman* for appellee.

The charter of Yazoo City, Acts of 1846, p. 264, § 7, says, " The town council shall have power to cause to be opened, graded, paved, repaired, or otherwise improved, any street, lane, alley, sewers, gutters, &c.," and the question is, are they to be mulcted in damages for the exercise of this power specially granted in their charter. This is not the taking private property for public use, but an incidental injury occasioned by work upon public property, and of course presents a very different question. The case of *Wilson* v. *The Mayor of New York*, reported in 1 Denio, is precisely the case at bar. That is a suit against the corporate authorities of New York for damages for the same sort of injury incurred in the prosecution of the same sort of work under the same grant of power in the charter. The court say there, " what was done, it was lawful to do, and if the plaintiff was thereby incommoded, it was *damnum absque injuria*, and gave no right of action, &c." " If those upon whom powers for such purpose are conferred, do not exceed their jurisdiction, they are not responsible for collateral consequences;" and " this corporation having made the street and avenue along the plaintiffs' land, and not having transcended its power, &c., is not liable, &c." Counsel think it wholly unnecessary to refer to any other case than this. The reasoning of the court, with the support of the English and American cases there referred to, are deemed all-sufficient for the disposition of this case.

Mr. Justice HANDY delivered the opinion of the court.

The only question presented by this record is, whether the defendant is liable to an action for consequential damage resulting to the property of the plaintiffs in error from a ditch, or culvert, made on the side of a public street in Yazoo City by the defendants.

The charter of the town gave the corporate authorities " power to cause to be opened, graded, and repaired, or otherwise improved, any street, lane, alley, sewers, gutters," &c.

The power to do the work is thus amply conferred. It was not alleged that it was wantonly and unnecessarily exercised by the corporate authorities in making the improvement; but it was simply proposed to prove that great damage had been sustained by the plaintiffs to their property in consequence of the work. This gave no right of action; for although an injury was occasioned to the plaintiffs by the work, it was done for the public good and under competent authority; and the principle applicable to such cases is, that the general good must prevail over partial individual inconvenience. *Lauring* v. *Smith*, 8 Cowen, 149; *Wilson* v. *Mayor of New York*, 1 Denio.

The evidence was, therefore, properly rejected, and the judgment is affirmed.