BURKS, J.,
delivered the opinion of the court.
A writ of error to the judgment below sustaining a demurrer of the defendants to the plaintiff’s declaration, presents the only question for decision here, to-wit, whether, the material allegations being admitted by the demurrer to be true, the declaration states a good cause of action.
The suit was brought to recover compensation for damage by water to the plaintiff’s lot in the city of Alexandria, occasioned, as alleged, by the grading of certain streets in the city 'by the defendants, the City Council.
Among the powers expressly conferred by the charter upon the City Council is the *425 power “to pave, make and repair the streets and highways, * * * whenever they shall deem it proper, * * * to open, extend, regulate, pave and improve the streets within the limits of the city;” and they are required “to make to the person or persons who may be injured by such opening or extension just and adequate compensation out of the funds of the corporation.” Acts of L870-71, ch. 73, § 14. No compensation is provided for any persons sustaining damage by the exercise of the powers granted, except the persons just mentioned, for whom provision was necessary under our Constitution, which forbids the passage of any law by the general assembly, “whereby private property shall be *taken for public uses without just compensation.” Con. of Va., Art. 5, § 14.
The validity of this legislative act, similar to the charters of most of our cities and towns in respect to streets, has not been and cannot be questioned, and the City Council having full discretionary power thereunder to improve the streets of the city by grading them, the due exercise of the power cannot, in the nature of things, be wrongful, in a legal point of view; and hence, although it may be attended or followed by damage, as a necessary incident, to the owners of adjacent lots, such damage is what is known at the law as damnum absque injuria, and imposes no legal liability.
A distinguished jurist, who has given special attention to the law of municipal corporations, in his valuable treatise expresses the principle thus: “In view of the nature of streets (explained in a former chapter), and of that control over them which of right belongs to the State, and of the nature of the ownership of lots bounded thereon, which implies subjection, if not consent, to the exercise and determination of the public will respecting what grades or changes in the grades thereof shall, from time to time, be found necessary, and what other improvements thereon or therein (within the legitimate purposes of streets), shall be found expedient, it results, we think, that adjoining property owners are not entitled, of legal right, without statutory aid, to compensation for damages which result as an incident or consequence of the exercise of this power by the State or the municipality by delegation from the Slate.”
“Accordingly.” he says, “the courts by numerous decisions in most of the States, have settled the doctrine that municipal corporations, acting under authority conferred by the legislature to make and repair, or to grade, level and improve streets, if they exercise reasonable *care and skill in the performance of the work resolved up»n, are not answerable to the adjoining owner, whose lands are not actually taken, for consequential damages to his premises, unless there is a provision in the charter of the corporation, or in some statute, creating the liability.” 2 Dillon on Mun. Corp., §§ 782, 783.
The numerous decisions referred to by the learned author in the note to § 783, show that the doctrine stated in the text prevails in the Federal courts and in almost all the States of the Union. We think it has its foundation in the principles of the common law and must prevail here as elsewhere, unless and until it shall be modified or abrogated by legislation.
The following, among the multitude of cases cited, are selected as in point: Callender v. Marsh (opinion by Chief Justice Parker), 1 Pick. R. 418; Radclifl’s ex’ors v. Mayor of Brooklyn (opinion by Chief Justice Bronson), 4 Coms. R. 195; Wilson v. Mayor and City of New York, 1 Denio. R. 595; Smith v. Corp. of Washington, 20 How. (U. S. R.) 135; Mills & others v. City of Brooklyn, 32 New Y. R. 489; Carr & others v. Northern Liberties, 35 Penn. St. R. 324; O’Conner v. Pittsburgh, 18 Penn. St. R. (opinion by Chief Justice Gibson) 187; City of Delphi v. Evans, 36 Ind. R. 90; City of Madison v. Ross. 3 Ind. R. 236; Lee v. City of Minneapolis, 22 Minn. R. 13; Cheever v. Shedd, 13 Blatch. C. C. R. 258; City of St. Louis v. Gurno, 12 Mo. R. 414; Hoffman v. City of St. Louis, 15 Mo. R. 651; Keasy v. Louisville. 4 Dana (Ky.) R. 154 (opinion by Chief Justice Robertson); Mayor & Council of Rome v. Omberg, 28 Ga. R. 46; White & wife v. Yazoo City, 27 Miss. R. 357; Simmons v. City of Camden, 26 Ark. R. 276; Humes v. Mayor & Aldermen of Knoxville, 1 Humph. R. 403; Dorman v. City of Jacksonville, 13 Ela. R. 538.
*Robertson C. J., in Keasy v. Louisville, supra, while admitting the genera! rale to be that the law gives no damages where there has been neither trespass nor nuisance, seemed to think that there might be extreme cases, where the deprivation of the use of property not touched might entitle the owner to compensation from the public. See also Ashley v. Port Huron (decided in 1877, opinion by Cooley, C. J.), 35 Mich. R. 296; Inman v. Tripp, 11 Rhode Is. R. 520; Pumpelly v. Greenbay Company, 13 Wall. U. S. R. 166; Platon v. B. C. M. R. R. Co., 51 New H. R. 504.
The cases agree, that the exemption from liability for consequential damages depends upon or rather implies the due exercise of the power delegated — the observance of reasonable care and skill in the execution of the work undertaken; for, as has been correctly said, the principal is a general one, that while there is no implied liability for damages necessarily occasioned by the construction of any municipal improvement authorized by law, yet if the work thus authorized be not executed in a proper and skillful manner, there will arise a common law liability for all damages not necessarily incident to the work, and which are chargeable to the unskillful or improper manner of executing it. 2 Dill, on Mun. Corp. (2d Ed.). § 802, and cases cited.
In the case of Perry & another v. City of Worcester, 6 Gray’s R. 544, Chief Justice Shaw, after stating the rule of exemption from liability in an action, as for a tort, for damage necessarily done to the property of another in the execution of a work autho *426 rized by public authority for public use, observes, that “this presupposes that the public work thus authorized will be executed in a reasonably proper and skillful manner, with a just regard to the rights of private owners of estates. If done otherwise, the damage is not necessarily incident to the accomplishment of the public object, but to the improper and unskillful manner of doing it. Such damage to private property is not warranted by the authority under color of which it is done, and is not justifiable by it. It is unlawful, and a wrong, for the redress of which an action of tort will lie.” The same principal as reaffirmed by the same eminent judge in Sprague v. City of Worcester, 13 Gray’s R. 193.
And Mr. Justice Blackburn in Mersey Docks v. Gibbs and Same v. Pierce. 11 Ho. of Rords Cas. 686, 713. (marg. p.), remarks, “that though the legislature has authorized the execution of the works, it does not thereby exempt those authorized to make them, from the obligation to use reasonable care that in making them no unnecessary damage be done;” and he refers to Brine v. The Great Western Railway Company, 2 Best & Smith’s R. 402, 411. where Mr. Justice Compton says, that “the distinction is now clearly established between damages from works authorized by statutes, where the party generally is to have, compensation, and the authority is a bar to an action, and damage by reason of the works being negligently done, 'as to which the owner’s remedy; by way of action remains. The distinction is as applicable to works executed for one purpose as another.” The cases of Creal v. City of Keokuk, 4 G. Greene R. 47; The City of McGregor v. Boyle. 34 Iowa R. 268, and Ellis v. Iowa City, 29 Iowa R. 229, are apposite illustrations of the principle when applied to the grading of streets and other municipal improvements. See also opinion of Judge Pearson in Meareszi. Comm’rs of Wilmington, 9 Iredell (Law) R. 73.
It remains to test the sufficiency, of the declaration in question by the principles of law which have been stated.
At the first view, it might seem, that the plaintiff was seeking to recover for damages necessarily *occasioned by the mere elevation of the streets above their former grade. If this were the proper construction of the declaration, no cause of action would be shown. A careful examination, however, satisfies us, that the gravamen of the complaint is not that the streets were elevated by the grading whereby, and whereby only, damage was done to the plaintiffs premises, but that the work was not executed with care, and was done so negligently and improperly as to cause the damage for which compensation is sought.
The case stated is substantially this:
The plaintiff is the owner of a corner lot, at the intersection of two streets in the citjl of Alexandria, which lot was enclosed, occupied and used by him as a coal and wood-yard and for other purposes. There was a ditch or gutter in front of the lot on each side, which conveyed all the surface water that flowed by, from, and over the lot to the intersection of the said streets, and thence, by the means of other ditches and gutters, it passed on and into the proper channel and was carried off. The City Council in grading these streets elevated them three feet in front of the plaintiff’s lot, filled up the ditches and gutters, and did not cut others or provide other means for the water to flow on and escape as formerly: and thus the water was stopped and thrown back on the plaintiff’s lot, causing the damage specified in the declaration, for which compensation is demanded.
These acts of the City Council are all charged to have been done “negligently, carelessly,” &c.; for, the terms, “negligently, carelessly,” &c., as used in the declaration, should be taken, we think, as applied and intended to be applied not only to the elevation of the streets, but also to the filling up of the then existing ditches and gutters and the omission to cut others or supply other means for the escape of the water. *The complaint is not of the mere grading of the streets, a work which the Council was authorized by law to do, but of the negligent and improper manner in which the work was done, causing damage. Whether in grading, it was necessary to fill up the ditches and gutters, and if necessary, whether it was practicable to substitute other sufficient ditches and gutters to take the water off, are matters of fact to be considered on the trial, in connection with the other circumstances of the case, in determining the question of negligence in the execution of the work.
Our opinion is, that the judgment of the corporation court of the city of Alexandria should be reversed, the demurrer to the declaration overruled, and the cause remanded for further proceedings.
The judgment was as follows:
This day came again the parties by their counsel, and the court having maturely considered the transcript of the record of the judgment aforesaid and the arguments. of .counsel, is of opinion, ■ for reasons stated in writing and filed with the record, that the said judgment is erroneous; therefore, it is considered, that the said judgment be reversed and annulled, and that the plaintiff in error recover against the defendant in error his costs by him expended in the prosecution of his writ of error aforesaid here; and this court now proceeding to render such judgment as the said corporation court should have rendered; it is further considered, that the demurrer of the defendant’s to the plaintiff’s declaration be overruled"; and this cause is remanded to the said corporation court for further proceedings therein in order to final judgment: which is ordered to be certified to the said corporation court of the city of Alexandria.
Judgment reversed.