J. H. HENDERSON *vs.* CITY OF MINNEAPOLIS.

July 19, 1884.

**Municipal Corporation—Change of Grade of Street—Action for Damages.**—An action will not lie against a city for consequential injuries to property adjacent to a public street, caused by a change of the established grade of the street lawfully made by the public authorities, and in a proper manner, (being such an act as one might rightfully do upon his own premises,) even though the property had been improved with reference to the previously-established grade.

**Same—Principle Applied.**—This principle applied, where the grade of a street as previously established was raised to such height in front of plaintiff's property as to prevent access to the same from the street.

**Same—Failure to Carry Off Surface Water.**—A city is not liable for failure to provide means for carrying off surface water collecting upon private property; and when it has done so by the gutters and sewers of a street, and subsequent changes in the grade of such street have rendered such means useless, the city is not liable for failure to provide new means for the same purpose.

**Same—Charter of Minneapolis—Compensation for Injuries.**—Charter of the city of Minneapolis construed as not conferring a right to compensation for injuries caused by public improvements, where no liability for compensation existed before.

Appeal by plaintiff from a judgment of the district court for Hennepin county, *Koon*, J., presiding.    The judgment was rendered on the pleadings, which are stated in the opinion.

*Hart & Brewer*, for appellant.

The doctrine of *Callender* v. *Marsh*, 1 Pick. 418, and *Radcliff* v. *Brooklyn*, 4 N. Y. 195, has not been followed in this state, and is in-

consistent with *O'Brien* v. *City of St. Paul*, 25 Minn. 331; *Dyer* v. *City of St. Paul*, 27 Minn. 457. The principle of these last cases is more conservative of private rights, and is more in harmony with the rule laid down by the courts of Ohio. *Rhodes* v. *City of Cleveland*, 10 Ohio, 159; *McComb* v. *Akron*, 15 Ohio, 474; s. c., 18 Ohio, 229; *Crawford* v. *Village of Delaware*, 7 Ohio St. 459; *Street Ry. Co.* v. *Cumminsville*, 14 Ohio St. 523; *City of Akron* v. *Chamberlain Co.*, 34 Ohio St. 328.

"Private property shall not be taken for public use without just compensation therefor, first paid or secured." Constitution, Art. 1, § 13. Plaintiff had the right for himself and the public of free access to his lot from the contiguous street, and this was a right of property, within the constitutional provision, and one without which the lot itself would be almost valueless. *Haynes* v. *Thomas*, 7 Ind. 38; *Brotzman* v. *I. & C. R. Co.*, 9 Ind. 467; *Lexington & O. R. Co.* v. *Applegate*, 8 Dana, 289; *Elizabethtown, etc., R. Co.* v. *Combs*, 10 Bush, 382; *Lackland* v. *North Missouri R. Co.*, 31 Mo. 180; *Parker* v. *Framingham*, 8 Met. 260; *Schurmeier* v. *St. Paul & P. R. Co.*, 10 Minn. 59, (82;) *Brakken* v. *Minn. & St. L. Ry. Co.*, 29 Minn. 41. The *use and enjoyment* of property are within the protection of the constitutional provision as much as the property itself. *Keasy* v. *City of Louisville*, 4 Dana, 154; *City of Louisville* v. *Louisville Rolling Mill Co.*, 3 Bush, 416; *Newport & C. Bridge Co.* v. *Foote*, 9 Bush, 264; *Nevins* v. *City of Peoria*, 41 Ill. 502; *City of Pekin* v. *Brereton*, 67 Ill. 477; *Eaton* v. *B. C. & M. R. Co.*, 51 N. H. 504; *Glover* v. *Powell*, 10 N. J. Eq. 211, 229; *Pumpelly* v. *Green Bay Co.*, 13 Wall. 166; *Yates* v. *Milwaukee*, 10 Wall. 497; *Grand Rapids Booming Co.* v. *Jarvis*, 30 Mich. 308, 320; *Weaver* v. *Miss. & Rum River Boom Co.*, 28 Minn. 534; *McKenzie* v. *Miss. & Rum River Boom Co.*, 29 Minn. 288; Pierce on Railroads, 195, 241; Mills on Em. Dom. §§ 206, 207; Cooley on Const. Lim. 544.

*Judson N. Cross* and *Frank H. Carleton*, for respondent.

DICKINSON, J. It appears by the pleadings, upon which this cause is to be determined, that the plaintiff is the owner of a lot of land fronting upon a public street in the city of Minneapolis, owning the fee, subject to the public easement, to the centre of the street. In

1880, by the action of the city authorities, a grade was established upon this street and the street graded in conformity therewith. Upon the lot, and upon a level with the established grade, stood the plaintiff's dwelling-house, and a valuable livery barn and stable, the livery barn having been placed upon the lot after the grade was established. Adjacent to the property of plaintiff is land occupied by the St. Paul, Minneapolis & Manitoba Railway Company for its railroad, several tracks crossing the said street near plaintiff's premises. In 1883 the city council authorized the railroad company to construct a bridge upon and along the street, at a considerable elevation above the established grade, so as to carry the street over the railroad tracks; and the city undertook to and did raise the street in front of plaintiff's lot to an average height of about 15 feet above the former grade, so as to form an approach to the elevated bridge. The established grade of the street was changed by the action of the municipal authorities, so that it conformed to the changed condition of the street. In consequence of the raising of the grade of the street, the plaintiff's property has been rendered inaccessible, that being the only street affording access to it, and its value greatly diminished.

It is not claimed that there has been any misconduct in the *manner* of performing the work of raising the street to the new grade. The principal question presented is whether the city is liable to respond in damages for this consequential injury to the plaintiff's property.

The municipal charter expressly empowers the city council to establish the grade of any street, and, by a vote of two-thirds of the members, to change the grade of any street after it has been established. Sp. Laws 1881, c. 76, *subc.* 8, § 2. By a long current of decisions, almost without dissent, the law has been declared to be that the owner of property adjacent to a public street is not entitled to a remedy for injuries resulting from the exercise, in a proper manner, of lawful authority in establishing or changing the grade of the street. *Governor, etc.,* v. *Meredith,* 4 Term Rep. 794; *Boulton* v. *Crowther,* 2 Barn. & C. 703; *Smith* v. *Washington,* 20 How. 135; *Callender* v. *Marsh,* 1 Pick. 418; *Skinner* v. *Hartford Bridge Co.,* 29 Conn. 523; *Burritt* v. *City of New Haven,* 42 Conn. 174; *Radcliff* v. *Brooklyn,* 4 N. Y. 195; *Plum* v. *Morris Canal & Banking Co.,* 10 N.

v.32—21

J. Eq. 256; *O'Connor* v. *Pittsburgh*, 18 Pa. St. 187; *Green* v. *Borough of Reading*, 9 Watts, 382; *Rounds* v. *Mumford*, 2 R. I. 154; *Pontiac* v. *Carter*, 32 Mich. 164; *City of Burlington* v. *Gilbert*, 31 Iowa, 356; *Roberts* v. *City of Chicago*, 26 Ill. 249; *City of Quincy* v. *Jones*, 76 Ill. 231; *Hoffman* v. *City of St. Louis*, 15 Mo. 651; *City of Wabash* v. *Alber*, 88 Ind. 428; *Shaw* v. *Crocker*, 42 Cal. 435; *White* v. *Yazoo City*, 27 Miss. 357.

To the extent of denying a right of recovery for consequential injuries from an original establishment of grade, this court has recognized the law to be as here declared, in *Lee* v. *City of Minneapolis*, 22 Minn. 13; *Alden* v. *City of Minneapolis*, 24 Minn. 254; and *O'Brien* v. *City of St. Paul*, 25 Minn. 331, 334. We have, however, considered that a municipal corporation will be liable for damages caused to private property by grading streets, when a private owner of the soil over which the streets are laid would be liable if he were making the same improvement upon his own land for his own use. *O'Brien* v. *City of St. Paul, supra; Dyer* v. *City of St. Paul*, 27 Minn. 457; *Armstrong* v. *City of St. Paul*, 30 Minn. 299.

But this case is obviously not within the limitation of the general principle upon which those cases rest, and is to be governed by the general rule of law above asserted. In principle there is no difference between the case of injuries resulting from an original establishment of a grade, and those resulting from an authorized change of an established grade. Authorities above cited; and see *Karst* v. *St. Paul, etc., R. Co.*, 22 Minn. 118. In both cases the principle is the same; that is, a public right acquired, to which individual convenience and interest are subject. Upon the acquisition by the public, from the original owner of the soil, of the right to use the land for the purposes of a street, whether that right is acquired by purchase, as by condemnation proceedings, or by gift or estoppel, as by dedication and acceptance, the right of the public to such use of the land as may be consistent with those purposes becomes as absolute as is the right of any owner of land to the use of it for his own purposes. Thenceforth it is the right of the public, subject to any statutory restrictions which may be imposed, to have the land prepared and kept in fit condition for use as a street; to have it improved and changed from time to time, as

the public need, and the changing circumstances attending its use, shall require. That changes might be required must be presumed to have been contemplated when the land was taken and devoted to the purposes of a street, as incident to the enjoyment of the easement which was then acquired. The individual proprietor holds his property subject to the public right. He necessarily takes upon himself the risk of the possible consequences of such changes in the grade of the street as may become necessary for the public convenience and safety. Raising the grade of the street, as was done in this case, and with the consequences alleged, is not a taking of plaintiff's property for which, under the constitution, compensation must be made. The injury complained of is merely a consequence of the exercise of a legal right which the public acquired, and to which plaintiff's land became subject, when the land was taken for a street. Whatever taking there has been was complete when the easement was first acquired. The constitutional provision is not applicable to the case. *Burritt* v. *City of New Haven*, and *Callender* v. *Marsh, supra.*

The decisions to which we are referred, sustaining the right of an individual proprietor of lands upon a street to the use of the same for access to his premises, and giving a remedy for an unauthorized interference with that right, are not opposed to the principle controlling this case. The fact which distinguishes this case, and which did not exist in those, has been already stated, viz., that when this street was established the public acquired the right, as against the owner of this land, to do the acts complained of, as incident to the easement.

It is claimed that certain provisions of the city charter, providing for ascertaining "the amount of all damages occasioned to any private property by reason of any public works or structures," should be so construed as to sustain a right of recovery. We find no reason to so construe the act. These terms of the act were not employed for the purpose of conferring a right to compensation where none existed before, but merely with reference to providing a method of ascertaining the compensation to be paid for such taking of or injuries to property as, under the existing law, entitled the owner to compensation.

As we understand the allegations of the complaint respecting injury from water coming upon plaintiff's property, the facts are, in substance, that before the grade of the street was changed, the sewers and gutters carried the surface water from the premises in the vicinity of this lot to the northward and into the Mississippi river; but that these gutters and sewers being filled by the raising of the street, the surface water from the territory south of this property is left to flow over plaintiff's land as it naturally would in the absence of any artificial means of carrying it off. The city is not liable for failure to provide a means for carrying off this surface water; (*Lee* v. *City of Minneapolis, Alden* v. *City of Minneapolis, O'Brien* v. *City of St. Paul, supra;* 2 Dill. Mun. Corp. § 1039 *et seq.*,) and after it had once made provision which accomplished that result by the gutters and sewers of this street, upon the grade first established, it was not liable for failure to provide new means of accomplishing that end, when, from the change of grade, the old aqueducts became useless.

Judgment affirmed.