STATE ex rel. CITY OF DULUTH v. ST. PAUL & DULUTH RAILROAD COMPANY and Others.

February 1, 1900.

Nos. 11,891—(203).

**Bridging Railway Tracks at Street Crossing—Apportionment among Roads.**

Order appealed from considered, and *held* to be in accordance with the mandate of this court on a former appeal, and is, therefore, sustained.

Appeal by defendant Duluth Transfer Railway Company and John Elliot Bowles, as receiver thereof, from an order of the district court for St. Louis county, Ensign, J., denying a motion for a new trial. Affirmed.

*John G. Williams,* for appellants.

*Hadley & Armstrong,* for respondent St. Paul & Duluth Railroad Company.

*J. L. Washburn* and *Charles W. Bunn,* for respondent Northern Pacific Railway Company.

BROWN, J.

This is a proceeding by mandamus to compel the appellant, jointly with the St. Paul & Duluth Railroad Company and the Northern Pacific Railway Company, to construct a bridge or viaduct upon Garfield avenue, in the city of Duluth, over their railway tracks as the same extend across said avenue. It was before this court at the October, 1898, term, on the appeal of the St. Paul & Duluth and

the Northern Pacific Companies from the order of the court below directing the issuance of a peremptory writ of mandamus. 75 Minn. 473, 78 N. W. 87. The present appellant did not join in the former appeal. The first order of the court below required the railway companies to jointly construct the bridge, and made no attempt to apportion the cost or expense between them. The matter was, on the former appeal, remanded, with directions to the court below to ascertain and apportion the parts of the bridge to be constructed by each company, and certain rules were laid down to guide the court in doing so. In compliance with this mandate, the district court made its further order requiring the appellant to construct 319.80 feet of the bridge, and requiring the two other companies to construct the remainder, including the approaches, or about 1,500 feet. The present appeal is from that order. The St. Paul & Duluth and Northern Pacific Companies are satisfied with the apportionment made, and do not appeal.

Counsel for appellants contends that the court below did not follow the rules laid down by this court, and that the apportionment made is inequitable and unjust. His contention is that by the former decision of this court the two railway companies, the St. Paul & Duluth and the Northern Pacific, were required to construct the approaches to the bridge independent of appellant; that appellant was not to construct any portion of such approaches, but only its equitable proportion of the bridge proper. His contention cannot be sustained. The intention of this court is plainly indicated in and by the former decision, and the apportionment made by the court below is clearly within the rules laid down. This court intended that each company should be required to bear its just and equitable proportion of the entire expense of the bridge, including the approaches thereto, such proportion to be ascertained and determined from a consideration of the extent and part of the street occupied by the tracks of each, and such other circumstances as bore upon their several interests and rights. There can be no question, leaving out of consideration the suggested poverty of appellant, but that this was an equitable and just manner and basis of adjusting the cost and expense of the bridge. Counsel for appellants offers no better rule, and further reflection on our part does not suggest any im-

provement on the rule adopted.    The court below correctly applied the rule.

We are unable to discover any error, or to say that the apportionment made is unjust or inequitable, and the order appealed from must be affirmed.