GILBERT G. DICKERMAN v. CITY OF DULUTH.[1]

January 16, 1903.

Nos. 13,232—(184).

**Damages for Change of Grade—Amendment to Constitution.**

The rule laid down in Henderson v. City of Minneapolis, 32 Minn. 319, and subsequently followed, to the effect that an action will not lie against a municipality for consequential damages to property abutting on a public street caused by a lawful and proper change of an established grade, has been abrogated by an amendment to article 1, § 13, of the state constitution, adopted in 1896, which now reads—the amendatory words being in brackets—as follows: "Private property shall not be taken [destroyed or damaged] for public use, without just compensation therefor first paid or secured."

**Same.**

Under this section all damages resulting to abutting property by reason of lowering or raising the street grade in front of it are within its scope, and compensation for such damages must be first paid or secured, and, if the property is built upon, it is immaterial whether the improvement was made before or after the adoption of the amendment.

**Viaduct over Railway—Consequential Damages.**

Subsequent to a determination in this court—State v. St. Paul & D. R. Co., 79 Minn. 57—as to the liability of the defendants therein, railway companies, to construct a viaduct over their tracks where they crossed a certain avenue in the city of Duluth, the parties, city, and companies entered into a stipulation whereby judgment was entered requiring the construction of the viaduct in accordance with a revised plan, the additional cost to be borne by the city. The city then altered and raised the grade of the avenue in front of plaintiff's improved property, to his damage, and the viaduct was built by the companies in conformity with such alteration of grade. *Held*, that the municipality causing the work to be done is primarily liable for consequential damages, and it is immaterial to the property owner what the relations may have been between it and the parties doing or directly causing the work to be done.

Action in the district court for St. Louis county to recover $8,000 for damages to plaintiff's land caused by a change in the established grade of the abutting street. From an order, Dibell,

J., overruling a general demurrer to the complaint, defendant appealed. Affirmed.

*Oscar Mitchell,* for appellant.

The constitutional amendment does not change the rule in this state, so far as change of grade by municipal corporations is concerned. Henderson v. City of Minneapolis, 32 Minn. 319; Yanish v. St. Paul, 50 Minn. 518, 522; Tate v. City of St. Paul, 56 Minn. 527, 529; Abel v. City of Minneapolis, 68 Minn. 93; Willis v. Winona City, 59 Minn. 27, 33. The rule has been long settled in this state, beginning with the case of Lee v. City of Minneapolis, 22 Minn. 13, that there is no liability arising from such a change of grade.

If there is anybody liable, under the facts as stated in the complaint, for any injury to the plaintiff, it is the railroad companies and not the city. State v. St. Paul & D. R. Co., 75 Minn. 473; State v. St. Paul & D. R. Co., 79 Minn. 57; Kelly v. Minneapolis City, 57 Minn. 294; State v. St. Paul, M. & M. Ry. Co., 35 Minn. 131.

*M. Douglas,* for respondent.

In all states having constitutional provisions similar to that of Minnesota (article 1, § 13, as amended,) a recovery may be had in cases where private property has sustained a substantial damage by the making and using an improvement that is public in its character. It is not required that the damage shall be caused by trespass or actual invasion of the owner's real estate. Chicago v. Ayres, 106 Ill. 511; Rigney v. City, 102 Ill. 64; City v. Eaton, 83 Ill. 535; Chicago v. Taylor, 125 U. S. 161; City v. Herman, 72 Miss. 217; Lewis, Em. Dom. § 223, and cases cited; City v. Townsend, 80 Ala. 489; City v. Maddox, 89 Ala. 181; Reardon v. City, 66 Cal. 492; Eachus v. Los Angeles, 103 Cal. 614, and cases cited; Smith v. Floyd, 85 Ga. 420, 422; Pause v. Atlanta, 98 Ga. 92; City v. McClain, 102 Ky. 402; Spencer v. Metropolitan, 120 Mo. 154, 160; Searle v. City, 10 S. D. 312, 319; Wilkin v. City of St. Paul, 33 Minn. 181, 184 (viaduct); Gainesville v. Hall, 78 Tex. 169, 175, 9 L.

R. A. 301, and note; Cooper v. City, 83 Tex. 239; Blair v. City, 43 W. Va. 62, 68.

In all states having constitutions like ours as amended in 1896, the courts have decided that, wherever a municipality changes the grade of a street to the injury of an owner, the city must respond in damages. Lewis, Em. Dom. § 223; Searle v. City, supra; City v. Jackson, 88 Ill. App. 130; City v. Loar, 65 Ill. App. 218; City v. Maddox, supra; Town v. McFarland, 101 Ala. 381; Reardon v. City, supra; Eachus v. Los Angeles, supra; Moore v. City, 70 Ga. 611; Castleberry v. City, 74 Ga. 164; Smith v. Floyd, supra; City v. Schrameck, 96 Ga. 426; City v. Eaton, supra; Schaller v. City, 23 Neb. 325; City v. Kramer, 25 Neb. 489, 492; Borough v. United, 96 Pa. St. 331; Brown v. City, 5 Wash. 35; Hutchinson v. City, 25 W. Va. 226; Chicago v. Taylor, supra; Rigney v. City, supra; Lewis, Em. Dom. 535, 536, see also page 541 near bottom of page; Bentley v. City, 92 Ga. 623; Stack v. City, 85 Ill. 377; Springer v. City, 135 Ill. 552; Tinker v. City, 137 Ill. 123; Herrmann v. City, 58 Ill. App. 166.

COLLINS, J.

This appeal is from an order overruling a demurrer interposed upon the ground that the complaint failed to state facts sufficient to constitute a cause of action.

The order of the lower court will have to be sustained. The action grows out of the building of a viaduct on Garfield avenue in the city of Duluth, the plaintiff being the owner of property fronting upon the avenue. Subsequent to the determination of an appeal in an action involving the liability of the railway companies to build a viaduct over their tracks where they crossed the avenue,—State v. St. Paul & D. R. Co., 79 Minn. 57, 81 N. W. 544,—in which it was determined that public convenience required the construction of a viaduct commencing at street grade at the intersection of Michigan street with the avenue and running southerly over one thousand feet, a stipulation was entered into between the city and the defendants, by which it was agreed that the viaduct should be extended along the avenue, should begin at Superior street one block northerly of Michigan, and should be

built in accordance with a revised plan, the city to construct at its own expense the additional portion, namely, that part extending from Michigan to Superior street. This necessitated a change and raising of the grade at the intersection of Michigan street with Garfield avenue, and, as a consequence, the elevation of that part of the viaduct to be constructed by defendant companies at this intersection. This elevation was to be about twenty feet in front of plaintiff's premises, and, by the stipulation, the city was to pay to defendants the additional cost of raising the surface of the viaduct at that point, so that this surface would be on the new instead of the old grade, the original level of the street. On the day this stipulation was entered into, and to enable it to be carried out, the city council raised the grade of Garfield avenue twenty feet at its intersection with Michigan street, and from that point extended a new grade line northerly along the avenue to the initial point at Superior street where it met the original at the street surface, and also raised it southerly over the tracks. The order for judgment in the original action was modified so as to comply with this stipulation.

The viaduct was constructed in conformity with the order, and, while it is not alleged in the complaint, and may be immaterial, we assume that judgment was entered in accordance therewith. The complaint is very lengthy, but its material allegations are as above stated. To put these allegations in concise form, the city has, since the adoption of the amendment to section 13 of article 1 of the state constitution in 1896, changed the grade in front of defendant's property so that his buildings, once on grade, are twenty feet below the new grade line, the surface of the viaduct. Section 13, as amended, reads thus:

"Private property shall not be taken [destroyed or damaged] for public use, without just compensation therefor first paid or secured."

The amendment consisted simply in interpolating into the section, as it originally stood, the words which we have inclosed in brackets, and the question arising on the demurrer is, has the

rule in this state been altered by this amendment in respect to consequential damages arising out of a change of grade by municipal corporations? for, had this change been made prior to the amendment, plaintiff would have no cause of action for damages under the decisions. This was repeatedly held, prior to the amendment. The reasoning of defendant's attorney on this appeal seems to be based upon what was said in Henderson v. City of Minneapolis, 32 Minn. 319, 20 N. W. 322, and relied upon in subsequent cases, the last being Abel v. City of Minneapolis, 68 Minn. 89, 70 N. W. 851, to the effect that a change of the grade of a street is merely a consequence of the exercise of a legal right which the public acquired, and to which the land became subject, when it was first dedicated or taken for street purposes.

It is now argued that, as the individual proprietor holds his property subject to a public right, and necessarily takes upon himself the possible consequences of such changes in grades as may become necessary for public convenience and safety, the amendment has not affected streets established before its adoption. Reasoning from the language of the decisions cited, counsel contends, to use his own words, that,

"When the municipality acquired the right to use Garfield avenue in front of plaintiff's premises for a street, it acquired the right to change the grade thereafter, if in its judgment that became necessary; and no constitutional provision adopted, or act of the legislature passed, subsequent to the acquiring of that right by the city, would affect it."

And, again, he urges that, because the city had a perfect right, prior to the adoption of that amendment, to make the change with no liability arising therefor, and because the property was improved while that right existed, the right had not been and cannot be taken away by any subsequently adopted amendment to the constitution.

To construe the amended section of the organic act as contended for by counsel would render it meaningless, except as to property which had not been taken for public use, either by deed or by condemnation proceedings, at the time of its adoption, and would leave it to affect such property only as the public should subse-

quently acquire for street use. When this amendment was proposed by the legislature, and when adopted by the people, it was well known that the rule which had been laid down by this court, in common with the courts of nearly every other state, respecting damages to lot owners arising from a change of grade, had caused great hardships, and was an exceedingly unfair and unjust rule. No man was safe, when improving his property, by building in conformity with an established grade line, for he was at the mercy of the city authorities, who might practically confiscate his property by raising or lowering the surface or grade line of the street. In such cases, while there was no taking of property for public use as the fundamental law was construed, there was a taking in fact, amounting, in many cases, to complete destruction and confiscation. The unrighteousness of this rule was impressed upon the people of other states long before it became apparent to us, for as early as 1870 these amendatory words were engrafted into the constitution of the state of Illinois, and it has been repeatedly held in that jurisdicton that the proper construction is that a recovery may be had where private property has sustained a substantial damage by the making and using of an improvement that is public in its character, and that it does not require that the damage shall be caused by trespass or actual invasion of the owner's real estate. City v. Eaton, 83 Ill. 535; Rigney v. City, 102 Ill. 64; Chicago v. Ayres, 106 Ill. 511.

In the case of Chicago v. Taylor, 125 U. S. 161, 8 Sup. Ct. 820, the supreme court of the United States concurred in what had been said in the Rigney case concerning this amendment, and in several other states such a constitutional provision has been held to mean that "All damages resulting to abutting property by reason of lowering or raising the street in front of it is within the constitutional provision in question, and compensation should be made therefor." City v. Herman, 72 Miss. 211, 217, 16 South. 434; City v. Townsend, 80 Ala. 489, 2 South. 155; City v. Maddox, 89 Ala. 181, 7 South. 433; Reardon v. City, 66 Cal. 492, 6 Pac. 317; Eachus v. Los Angeles, 103 Cal. 614, 37 Pac. 750, 42 Am. St. Rep. 149, and cases cited; Smith v. Floyd, 85 Ga. 420, 11 S. E. 850; Pause v. City,

98 Ga. 92, 26 S. E. 489; Spencer v. Metropolitan, 120 Mo. 154, 23 S. W. 126.

We regard this construction as the just and proper one. The right of the people to amend the constitution so as to compel a municipality to respond in damages for the taking of private property for public use where no right to recover had theretofore existed ought not to be doubted. Nor should there be any question as to the right of the people by constitutional enactment to curtail or modify the power of a municipality to change a street grade, or to deprive it altogether of that power.

Again, counsel contends that, in order that the amendment should apply in this case, it was essential that plaintiff's buildings should have been erected after its adoption in 1896. There is absolutely nothing in this claim. See City v. Herman, supra, and cases cited. To so construe it, we should have to read into the amendment an exception, to the effect that it is to have no application in cases where improvements have already been made. The wording is plain and emphatic.

"Private property shall not be * * * damaged for public use without just compensation therefor first paid or secured."

Plaintiff's property was damaged, according to the allegations in the complaint, for a public purpose, after this provision was incorporated into the constitution,—not before. And it was this damage or injury of which he complains.

It is also contended by counsel that, if anybody is liable under the facts stated in the complaint, it is the railroad companies, and not the city. This contention is also without merit. The city altered and raised the grade, and the companies built the viaduct, in conformity with the change. They acted for the city, and under its authority. Even if they could be held liable in damages, the primary liability for the injury is upon the city, and it is immaterial to plaintiff what the relations may be between it and the parties doing or directly causing the work to be done. The complaint stated a good cause of action.

Order affirmed.