ERNEST J. HIELSCHER *vs.* CITY OF MINNEAPOLIS.

July 10, 1891.

**City — Ordinance Vacating Part of Street — Action by Abutting Owner.**—A cause of action for the recovery of damages is not stated against a municipal corporation by the plaintiff—an abutting lot-owner —in a complaint in which the only act complained of is the passage by the city council, and the subsequent approval by the mayor, without the consent of the plaintiff, and without any compensation whatsoever to him, of a resolution or ordinance declaring a part of a public way abandoned and vacated.

Appeal by plaintiff from an order of the district court for Hennepin county, *Smith*, J., presiding, sustaining a demurrer to the complaint, in which the plaintiff claimed $1,000 damages for the alleged vacation of a street.

*Edward C. Gale*, for appellant.

*Robert D. Russell* and *Wm. H. Morse*, for respondent.

COLLINS, J.   Appeal from an order sustaining a general demurrer to the complaint in an action wherein the plaintiff demanded judgment for damages.   In this pleading the plaintiff, after setting forth that he was the owner of a duly-described lot in the city of Minneapolis, alleged the passage by the city council on a certain day, and the subsequent approval by the mayor, of a resolution or ordinance whereby that part of Nineteenth avenue, a public street, which extended from Washington avenue west 165 feet to the rear end of plaintiff's lot, at which point Nineteenth avenue terminated, had been forever closed, vacated, and abandoned; that these proceedings were wholly without his knowledge or consent, and without any compensation to him whatsoever.   It was further alleged that, since the abandonment, that part of the avenue covered by the vacating resolution or ordinance had been filled and occupied with buildings and other obstructions, whereby the plaintiff had been deprived of his so-called "frontage" thereon, and of all access to Washington avenue, save by a circuitous route.   It will be noticed that plaintiff's right to obtain a money judgment against the defendant

city is based upon the action of its authorities in respect to vacating and abandoning the avenue immediately in the rear of plaintiff's premises. Although it is averred that the same has been filled and occupied with buildings and is otherwise obstructed, it is nowhere claimed or alleged that the city has placed the buildings or other obstructions on the ground, or has had anything whatsoever to do with their being put there. The act complained of, and for which compensation is demanded, is that performed by the council and the mayor, when the former passed and the latter approved the resolution or ordinance before mentioned. The pleading wholly fails to state the commission or performance of any other act by the city or its officers.

The question which has been presented and argued by the plaintiff's counsel is as to the right of the city to vacate a public way without compensation to an abutting owner, or, to put it in another form, the power of the municipal authorities to destroy a street or avenue, by way of surrender and abandonment, without the consent of abutting owners, or without just compensation. His contention is that his client, as the owner of a lot contiguous to the avenue, had a property interest in the maintenance of the full easement therein,—a property right which the law recognizes, and of which he cannot be deprived, except as before stated; and on this contention he rests his claim that a good cause of action was set forth in the complaint, and the demurrer should have been overruled. In disposing of this appeal, a determination of the question presented is not demanded. If the counsel is wrong in his position, the court below did not err. On the other hand, if the proposition laid down by him be correct, it proves too much for his success. If it was not within the power of the municipal authorities to vacate and abandon the avenue without making compensation to the plaintiff as the owner of a valuable property right by virtue of his ownership of a lot abutting on the same, the pleading itself has very clearly established the entire absence of a cause of action, because it is therein distinctly asserted that the proceedings of which he complains were without his consent, and without any compensation to him whatsoever. If the law be as plaintiff's counsel asserts, the avenue has not been va-

cated or abandoned, and none of his property rights, conceding that they exist to the full extent claimed by counsel, have been impaired or interfered with. Accepting the law to be as contended for, it is plain, from the allegations found in the complaint, that, by the passage of the resolution or ordinance, nothing was accomplished, and the entire proceeding was of the most harmless character.

Order affirmed.