WILLIAM H. VANDERBURGH v. CITY OF MINNEAPOLIS and Another.[1]

July 22, 1904.

Nos. 13,928, 13,929—(181, 182).

**Vacation of Street.**

The city of Minneapolis, by resolution, attempted to vacate certain streets adjacent to plaintiff's property for the benefit of defendant railway company. Plaintiff brought this action to restrain and enjoin the company from taking possession of the vacated streets and to restrain and enjoin the city from enforcing the resolution vacating the same. It

[1] Reported in 100 N. W. 668.

93 M.—6

is *held,* for reasons stated in the opinion, that the complaint fails to state facts sufficient to constitute a cause of action.

**Injunction.**

Conceding that plaintiff is entitled to damages for the vacation of the streets in question, he has an adequate remedy at law by an action to recover the same, and is not entitled to an injunction restraining the city and railway company from carrying out the resolution vacating the streets.

**Case Followed.**

Hielscher v. City of Minneapolis, 46 Minn. 529, followed and applied.

Appeal by plaintiff from an order of the district court for Hennepin county, Pond, J., sustaining separate demurrers to the complaint interposed by defendants City of Minneapolis and Chicago Great Western Railway Company. Affirmed.

*W. H. Vanderburgh,* pro se.

*Frank Healy, A. G. Briggs,* and *T. P. McNamara,* for respondents.

BROWN, J.

Appeal from an order sustaining a general demurrer to plaintiff's complaint. The facts, briefly stated, as disclosed by the complaint, are as follows: Plaintiff is, and has been for a number of years, the owner of lots 6, 7, and 8, block 115, in Minneapolis, fronting one hundred ninety eight feet on First street and one hundred sixty five feet on Thirteenth Avenue South. Thirteenth avenue extends along the side of lot 8, and First street along the front of said lots. On October 13, 1903, the city council of Minneapolis, at the request of defendant railway company, passed and adopted a resolution vacating a portion of Twelfth Avenue South and First street up to plaintiff's property. The vacated portion of First street extends from plaintiff's property to the right of way and depot grounds of defendant railway company, and the portion of Twelfth avenue vacated extends along the west side of the block in which plaintiff's lots are located. First street was not vacated immediately in front of plaintiff's lots, but up to the west line thereof only. The complaint alleges that the enforcement of the resolution will inflict irreparable injury and damage to plaintiff's property by cutting off direct access from the business portion of the city to the railroad yards. There are no allegations that any steps have been taken or threats made by the railway company to take possession of the vacated streets, or otherwise hinder or obstruct public travel thereon.

This action was brought to enjoin the defendants, both city and railway company, from enforcing the resolution of the council, and from taking any steps or proceedings under the authority conferred thereby.

It is too clear to admit of discussion that a cause of action is not stated against the city. The complaint alleges that the resolution of the city council was an attempt to vacate the streets, and wholly null and void. Whatever the city has done in the premises has been fully consummated, and the complaint discloses nothing to indicate that it intends to proceed further, either in aid of the railway company in taking possession of the streets or otherwise, and no ground for an injunction is shown. Indeed, the allegations of the complaint to the effect that the action of the city council in vacating the streets was void and of no effect bring the case squarely within the case of Hielscher v. City of Minneapolis, 46 Minn. 529, 49 N. W. 287. In that case substantially the same question was presented, and it is conclusive against plaintiff in the case at bar.

Neither does the complaint disclose ground for an injunction against the railway company; for there are no allegations of any threats or attempt on its part to take possession of the vacated streets, or in any manner obstruct public travel thereon. Plaintiff's theory of the case in this respect is that by the recent amendment to the state constitution plaintiff is entitled to damages for the vacation of the streets in question, even though they did not abut upon his property, and that, as no damages were assessed or allowed him by the city council, its action in vacating the streets is null and void, and the railway company may be restrained and enjoined from taking possession thereof. The constitution, prior to the amendment, provided that private property should not be taken for public use without just compensation therefor first paid or secured. The amended constitution provides that private property shall not be taken or damaged for public use without compensation. Conceding, with plaintiff, that the vacation of the streets in question damaged his property, and that under the amended constitution he is entitled to compensation, it does not necessarily follow from that fact alone that he is entitled to an injunction restraining the railway company from taking possession of the vacated streets. If he is entitled to damages, as claimed, he can maintain an action against the railway company to recover the same. It is elementary that an injunction will

not lie to restrain the doing of an act where there is a speedy and adequate remedy at law.  An action against the company for damages or in ejectment would afford plaintiff full and complete redress, and, if it be conceded, as suggested, that he is entitled to damages in a case of this kind, his remedy is one at law, and not in equity.

Order affirmed.