STATE ex rel. JOHN B. ROSSMAN v. COMMON COUNCIL OF CITY OF
ST. PAUL and Another.[1]

June 8, 1906.

Nos. 14,685—(19).

**Vacation of Street.**

In proceedings to vacate a section of a public street under section 117,
city charter, 1905 Compilation, the common council acquires jurisdiction
upon receiving a petition therefor signed by a majority of the property
owners along the line of that part of the street to be vacated.

Writ of certiorari issued from the supreme court, on relation of
John B. Rossman, to review the proceedings of the common council
of St. Paul relative to the vacation of a portion of a public street.
Writ discharged.

*Halbert & Halbert,* for relator.

*J. C. Michael* and *Childs & Edgerton,* for respondents.

LEWIS, J.

Proceedings in certiorari to test the validity of the act of the common
council of St. Paul in vacating part of Wesley avenue, Hamline plat.
Wesley avenue runs from Simpson avenue to Hamline avenue, a dis-
tance of four blocks, and the board of trustees of Hamline University,
being the owners of all of blocks 1 and 2, petitioned the common coun-
cil for a vacation of that portion of Wesley avenue which ran in
a westerly and easterly direction between such blocks. A majority of
the property owners on the remainder of the street did not join in the
petition, and, on the contrary, protested against the vacation thereof.
Relator was the owner of property in the next block to the west, and
claims the right under the charter to test by this writ the legality of
the council's act. Relator concedes that he is not specially damaged
by the vacation, and that such inconvenience as he may suffer by reason
thereof is not different in kind from that borne in common with other
citizens. He still has means of ingress and egress to and from his
property, and in this respect the case is to be distinguished from

[1] Reported in 107 N. W. 1129.

Vanderburgh v. City of Minneapolis, 93 Minn. 81, 100 N. W. 668.

Relator claims that the charter should be construed to read that no part of a street can be vacated unless a majority of the property owners along the entire line thereof shall join in a petition to the council for that purpose, and for that reason no jurisdiction was conferred in this instance. If relator is correct in his construction of the charter, then it would seem that his interest in the proceedings was of such a nature, by the provisions of the charter, that he may employ this writ to determine whether the vacation was valid. This depends upon the reading of the charter. Section 117, Compilation of 1905:

> The common council of said city shall have the sole and exclusive power to vacate or discontinue public grounds, streets, alleys, and highways within said city, and also all county, territorial and state roads, whether actually traveled or used at the date of the petition for such vacation or not. No such vacation or discontinuance shall be granted or ordered by the common council except upon the petition of a majority of the owners of property on the line of such public grounds, streets, alleys or highways, resident within said city.

It will be observed that the language is general, and does not refer to parts of grounds, streets, alleys, and highways; but it would hardly be a fair inference that there was an intention to limit the power of the council so that they could not vacate a less portion than an entire street, alley, or highway, and if by implication any part of a street might be vacated, then the owners required to sign may fairly be held to refer to such grounds, streets, alleys, and highways as are included in the proposed vacation, and not to the entire line of the street as laid out. We think the most reasonable construction is that a majority of the property owners on the line of such public ground, street, etc., refers to the owners upon the line of the portion to be vacated. Such, we understand, has been the uniform construction put upon this language by the city council for nearly forty years, and the correctness thereof has never been questioned. The proviso at the end of the section, with reference to state and territorial roads, was not adopted until 1891, and has no bearing upon the provision quoted.

Having concluded that the petition was not defective for the reason

that it did not contain the requisite number of signers, it follows that the council acquired jurisdiction, and their action in vacating the part of the street in question was not, for that reason, invalid. This being the only question upon which the legality of the proceedings is based, the writ must be discharged.

Writ dischaiged.