[No. 11843.    Department One.    June 3, 1915.]

THE CITY OF SPOKANE, *Respondent*, v. BURTON J. ONSTINE et al., *Appellants*.[1]

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ASSESSMENT OF BENEFITS. Where a city proceeded with the improvement of a street, and at the same time established a change of grade therefor, levying an assessment for the benefits created by the improvement, it might subsequently institute proceedings under the eminent domain law (Rem. & Bal. Code, § 7768 *et seq.*) for the purpose of assessing benefits for the change of grade, and cannot be charged with making a double assessment, since the two assessments are made for two separate benefits.

SAME—PUBLIC IMPROVEMENTS—ASSESSMENT OF BENEFITS. Under Rem. & Bal. Code, § 7820, providing that, if any city has damaged any property for any of the purposes mentioned in the eminent domain act without having made just compensation therefor, such city may cause such compensation to be ascertained by proceedings taken in accordance with the provisions of such act, the court would

[1]Reported in 149 Pac. 1.

have jurisdiction to entertain such proceeding notwithstanding the fact that the change of grade and the improvement were ordered by the city at the same time, as virtually one improvement, but assessment had been levied only for the street improvement and not the change of grade.

SAME. Under Rem. & Bal. Code, § 7787, providing that, upon petition therefor, the court shall appoint the eminent domain commission of a city, if there be one, to assess the cost of an improvement and apportion the judgment for damages over the assessment district, and Id., § 7820, providing that, where the compensation for damaged property has not been ascertained prior to the time the improvement is made, the council may ascertain the amount of the compensation by proceedings taken in accordance with the provisions of the eminent domain act, the eminent domain commissioners of the city had power to assess benefits as well as ascertain the compensation due, since the whole statute implies that such assessments shall be laid according to relative benefits.

SAME—STREETS—CHANGE OF GRADE—RIGHT TO DAMAGES. Where property has been improved with reference to a paper grade, the owner is entitled to compensation for any damages suffered by a subsequent actual change in the grade from the former paper grade.

SAME—IMPROVEMENTS — PROCEEDINGS TO ASSESS COMPENSATION— PARTIES. Only property owners whom the city believes damaged by street improvements are necessary parties to a condemnation suit by the city, property owners omitted having the right of intervention or of bringing an original action in their own behalf.

SAME—ASSESSMENT OF BENEFITS—APPEAL. The action of city eminent domain commissioners in apportioning assessments according to benefits will not be disturbed on appeal, where it does not appear from the record to be so arbitrary or unjust as to amount to an abuse of discretion.

SAME — ASSESSMENT OF BENEFITS — OFFSETTING DAMAGES. In a hearing upon the assessment roll prepared by the eminent domain commission, after condemnation proceedings, property owners are not entitled to offset their damages against the assessments, since the only question the court can try is whether there was an equable and ratable assessment upon the property benefited, the question of damages being one to be assessed by a jury in a proper proceeding therefor.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE. The rejection of claims for damages for the taking of property without compensation because not filed within thirty days after the injury, as required by statute and ordinance for claims sounding in tort, while error, was not prejudicial, where the testimony was incompetent upon the hearing on an assessment roll.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered July 3, 1913, confirming an assessment roll made by eminent domain commissioners. Affirmed.

*Happy & Happy, R. L. Edmiston, C. F. Cowan, H. S. Stoolfire,* and *Burcham & Blair,* for appellants.

*H. M. Stephens, Wm. E. Richardson, Ernest E. Sargeant,* and *Dale D. Drain,* for respondent.

CHADWICK, J.—Sixth avenue, in the city of Spokane, had been improved and maintained at grade for many years. In June, 1910, the city council passed ordinance No. A-5,256, calling for paving and curbing the street in accordance with plans and specifications then adopted. At the same time the council, by ordinance No. A-5,288, re-established the grade of Sixth avenue as shown by the plats, plans and profiles attached to ordinance No. A-5,256. The improvement ordinance provided that the cost of the improvement should be assessed and levied against the property benefited according to the benefit sustained. The cost and expense of the improvement was to be assessed by the city council. The street was improved. An assessment roll was prepared and confirmed by the council in August, 1910. Some of the protesting owners paid the amount of their assessment. In November, 1911, it appearing that no account had been taken of the damages which might have been suffered by property owners, and that numerous suits for damages were pending against the city, the city commissioners passed an ordinance directing the corporation counsel to begin an action to condemn the property abutting on Sixth avenue between Monroe street and Cannon street. Section two of the ordinance provided that "the cost and expense of said improvement shall be paid wholly or in part by special assessment upon the property benefited," and that such assessments should be collected in the manner provided by the act of March 13, 1907, granting cities the power of

eminent domain. Suit was accordingly brought against several property owners, resulting in verdicts "without deducting any of the benefits which will accrue to said property by reason of said change of grade." Upon the entry of the judgment, the petitioner asked, and the court made, an order referring the matter to the eminent domain commission of the city for an assessment upon the property benefited to pay the judgment. From an order confirming the roll returned by it, these protesting property owners have appealed.

The record is confused, and it is apparent that counsel do not agree as to what occurred, or as to the nature and character of this proceeding. Our understanding of the several contentions of the appellants will be stated as we proceed.

First: It seems to be understood by the appellants that the assessment to pay the judgment in the eminent domain case is so interwoven with the improvement of the street as to be a nonseverable part thereof; that damages to property owners as for a change of grade is in fact a part of the cost of the improvement, and the city, having made and confirmed an assessment for the improvement, cannot, by a later proceeding, make an assessment to pay the resultant damages. We have no doubt that the city might have so proceeded, but it did not. The measure of the city's authority is found in the statute, but that measure must be gauged by the object and purpose of the law. When so considered we are not disposed to hold that the city exhausted its power to cure an omission in the proceeding. Indeed, the fact that it might, and, as appellants contend, should have done so in the first instance, is an argument in favor of the present proceeding. While the result is two assessments, it is not a double assessment. A double assessment results where two assessments are made for the same benefit. Here the improvement of the street was one benefit and the change of the grade was another benefit.

While there is no specific statute upon which to rest our judgment, there is no statute denying the right, and, keeping the object and not the conveniences of the law in mind, we find no merit in this contention.

Second: It is claimed that there is a lack of jurisdiction, in that the benefits should have been assessed by the council. To sustain this contention we must treat this proceeding as one depending upon ordinances No. A-5,256 and No. A-5,288, in which it was so provided. Having held that the eminent domain proceeding is a separate proceeding depending upon the statute and not upon the ordinance of the city, it follows that this contention is not well sustained. The statute provides:

"If any city has heretofore taken or shall hereafter take possession of any land or other property, or has damaged or shall hereafter damage the same for any of the public purposes mentioned in this act, . . . without having made just compensation therefor, such city or town may cause such compensation to be ascertained and paid to the persons entitled thereto by proceedings taken in accordance with the provisions of this act." Laws of 1907, p. 339, § 53 (Rem. & Bal. Code, § 7820).

Irrespective of these considerations, but without so deciding, it would seem that the logic of several of our decisions would lead us to the holding that the city might submit itself to an action for damages in such cases and still invoke the act of 1907 in aid of an assessment to meet the judgment.

Third: It is contended that the act of 1907, Laws of 1907, p. 316, ch. 153 (Rem. & Bal. Code, § 7768 et seq.), did not give the eminent domain commissioners the power to assess benefits in such cases, but only to ascertain the compensation due those entitled thereto by reason of the property taken or damaged. Appellants rely upon § 53 of the act, but manifestly their contention is not a fair reading of the statute or of that section of the statute. Section 53 (Id., § 7820) also provides that, where the compensation for damaged property has not been ascertained prior to the time the improvement is

made, the council may ascertain the amount of the compensation "by proceedings taken in accordance with the provisions of this act. It did so. Section 20 (Id., § 7787) of the act provides that, upon petition therefor, the court shall appoint the eminent domain commission of the city, if there be one, to assess the cost of the improvement and apportion the judgment for damages over the assessment district. Having followed the permissions and directions of the statute, it cannot be held that the eminent domain commissioners had no power to assess benefits, for the whole statute implies, and we have frequently held, that such assessments shall be laid according to relative benefits.

Fourth: It is contended that it was error to allow damages to those made defendants in the eminent domain proceedings, because the change in the grade was no more than a change in the former paper grade; that until an actual improvement of the street had been made to conform to an established grade, no damages should have been allowed under the rule, now well established in this state, that an original grade may be made without meeting any consequential damages to abutting property. We take it from the record, because we do not find it disputed, that the property affected had been improved with reference to the paper grade. Under *Spokane v. Ladies' Benevolent Society*, 83 Wash. 382, 145 Pac. 443, such owners were entitled to compensation as for a change of grade. Other reasons suggest themselves to the writer, but this is enough to sustain the judgment in this respect.

Fifth: It is asserted that all property owners were not made parties to the condemnation suit. It was not incumbent upon the city to begin an action against any other than those it believed were damaged. If any property owner rested under contrary belief, he might have intervened or brought an original action in his own behalf. *Kincaid v. Seattle*, 74 Wash. 617, 134 Pac. 504, 135 Pac. 820.

Sixth: It is finally contended that the assessment was inequitably laid and that appellants are called upon to pay a greater proportion of the cost than property similarly situated. Reference to the plat alone would indicate that this might be true as to some of the appellants, but taking the whole record, we are not prepared to say that it would sustain a finding that the assessment is so arbitrary or unjust as to amount to an abuse of discretion. It shows no more than a difference of opinion between the commission and the property owner. *In re Boyer Avenue,* 79 Wash. 664, 141 Pac. 58; *In re Ninth Avenue etc.,* 79 Wash. 674, 141 Pac. 61; *Spokane v. Fonnell,* 75 Wash. 417, 135 Pac. 211; *In re Fifth Avenue and Fifth Avenue South,* 66 Wash. 327, 119 Pac. 852; *Viegle v. Spokane,* 78 Wash. 359, 139 Pac. 33.

Seventh: Some of these appellants who believe their property was damaged by the regrade, if the law be as we have declared it to be, sought to offset their damages at the hearing upon the assessment roll against the amount that had been assessed by the eminent domain commission. Counsel for the city objected upon the theory that such claims should have been filed under the statute and city ordinance within thirty days after the damage or right of action had accrued. The court rejected this offer, apparently upon that ground. This was error under the case of *Kincaid v. Seattle* and the cases following it. But it does not follow that the error was prejudicial. As we have frequently said, we will not concern ourselves with the manner in which a trial judge reaches his conclusion. We think, clearly, that the testimony was incompetent to serve any purpose upon the hearing. The only question the court could try was whether there was an equable and ratable assessment upon the property benefited. Neither the court nor the eminent domain commission had any power to take into consideration any damage that the property might have suffered by reason of the change of grade. The law has provided that such damages shall be assessed by jury. Appellants should have brought an action against the city,

or, as we have heretofore suggested, intervened in the eminent domain case. Not having done so, they cannot be heard in this proceeding. If they have suffered damage they still have their remedy against the city, subject, of course, to all legal defenses.

Finding no reversible error, the case is affirmed without prejudice to those property owners who maintain that their property has been damaged to bring an action to ascertain the amount thereof.

MAIN, ELLIS, and CROW, JJ., concur.