[No. 13475.   Department Two.   August 29, 1916.]

The State of Washington, *on the Relation of Georgia B. Whitten, Appellant,* v. The City of Spokane *et al., Respondents.*[1]

Mandamus—When Lies—Adequate Remedy at Law. Where a city damaged property by the regrade of a street without instituting condemnation proceedings, the owner has a plain, speedy remedy in an action at law, and hence mandamus does not lie to compel the institution of condemnation proceedings to determine the damages.

Limitation of Actions—Damages to Property. An action against a city for damages to property by regrading a street is governed by the two-year statute of limitations.

Mandamus — Remedy at Law—Adequacy — Bar of Limitations. The loss of a remedy at law by lapse of time until the statute of limitations has run does not affect the adequacy of the remedy so as to entitle the party to obtain the same relief by mandamus.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered January 21, 1916, dismissing an action for a writ of mandamus, upon sustaining a demurrer to the application.   Affirmed.

*R. L. Edmiston,* for appellant.

*H. M. Stephens, Ernest E. Sargeant,* and *Dale D. Drain,* for respondents.

Morris, C. J.—Proceedings in mandamus to compel the city, through its officials, to institute condemnation proceedings and assess and pay damages claimed to have been suffered by relator's property by reason of a regrade of the street in front thereof during the summer of 1911.   A demurrer was sustained to the application for the writ, and relator appeals.

The claim for damages here sought to be enforced is of the same character as those attempted to be set up in *Spokane v. Onstine,* 86 Wash. 4, 149 Pac. 1, in which several

[1]Reported in 159 Pac. 805.

of the appellants, who were not made parties to the original condemnation suit, sought to offset damages at the hearing upon the assessment roll against the amount assessed against their property by the eminent domain commission. This right was denied for the reason that the only question that could then be tried was whether there was an equitable and ratable assessment upon the property benefited, it being further stated that neither the court nor the eminent domain commission had any power to take into consideration any damages the property might have sustained by reason of the change of grade. It was also there said that the appellants should have commenced action against the city to recover the damages claimed to have been sustained by them, or have intervened in the eminent domain proceedings. That a property owner has an adequate remedy at law against a municipality seeking to damage property without instituting statutory condemnation proceedings is too clear for argument. Such right is recognized in *Spokane v. Onstine, supra, Kincaid v. Seattle,* 74 Wash. 617, 134 Pac. 504, 135 Pac. 820, and *Thorberg v. Hoquiam,* 77 Wash. 679, 138 Pac. 304. In the latter case, speaking with reference to damages for change of grade, it was said, "Plaintiffs' only remedy in this case is to recover damages," and the rule of the *Kincaid* case was recognized to the effect that, where there had been a taking and the public function had been exercised, the only remedy of the property owner was to take compensation. The city, having proceeded to damage relator's property without instituting condemnation proceedings as against her, she had a clear right to an action for any damages sustained by reason of the city's action. This right was again recognized in the late case of *Domrese v. Roslyn,* 89 Wash. 106, 154 Pac. 140. Having a plain, speedy and adequate remedy at law, this proceeding cannot be maintained, for it is a well established rule that mandamus will not lie where there is an adequate remedy at law. *State*

*ex rel. Brunn v. State Board of Medical Examiners,* 61 Wash. 623, 112 Pac. 746.

This action was not commenced until October 4, 1915, which, as will be seen by a reference to the *Onstine* case, was more than two years after the doing of the work and the resulting damages. Such delay is fatal to the right of action. The two-year statute of limitations applies to actions for damage to abutting property resulting from a change of grade. *Denney v. Everett,* 46 Wash. 342, 89 Pac. 934, 123 Am. St. 934. The fact that relator has slept upon her rights and permitted the period to lapse in which she could have brought an action for damages, thus depriving herself of a legal right, does not protect her in seeking to make use of mandamus to obtain the same relief for which, had she proceeded in time, her right in law would have been ample.

Relator's position seems to be that, inasmuch as the city in instituting condemnation proceedings is acting in its sovereign capacity, no cause of action rests in the property owner, even though as to him the proceeding is without notice. The mere fact that the city in a condemnation proceeding acts in its sovereign capacity does not differentiate it from an individual who, without right, damages another's property, and when the city elects so to proceed, it can be made to answer for the damages done in a direct action by the property owner. In seeking to change the grade of its streets it is not incumbent upon the city to institute proceedings against any other than those it believes will be damaged. If any property owner, as was said in the *Kincaid* case, asserts a contrary belief, the law affords him ample opportunity to protect himself, either by intervention in the original proceedings or by a separate action for damages in his own behalf.

The judgment is affirmed.

BAUSMAN, MAIN, PARKER, and FULLERTON, JJ., concur.