PATRICK C. COLLINS AND OTHERS v. VILLAGE OF RICHFIELD.[1]

November 21, 1952.

No. 35,838.

*Angus McQueen,* for appellants.
*Clayton L. LeFevere,* for respondent.

[1]Reported in 55 N. W. (2d) 628.

MAGNEY, JUSTICE.

Petitioners are owners of lots abutting on Penn avenue south in the Village of Richfield. During the first eight months of 1949, and during a period of time prior thereto, the village caused a change of grade to be made in the avenue in front of the lots owned by petitioners and others. Petitioners claim that this change of grade from the normal and established grade adversely affects them in that the street grade line has been raised approximately two feet causing easy flow of waters from the street onto their lots. The village had not instituted action for the condemnation of the property of petitioners or other abutting landowners. Petitioners claim that they have been caused to suffer great damage by reason of the fact that the village has taken their property and the property of others without due process of law and without just compensation, and that it is incumbent upon the village to institute condemnation proceedings in order that a proper award may be made to petitioners and other owners of property taken. The petition sets out that petitioners have no other or adequate remedy at law or otherwise for the preservation, protection, and enforcement of their rights and prays that an alternative writ of mandamus issue commanding the village to institute condemnation proceedings for the taking and damaging of private property or show cause why it has not instituted such proceedings. The lower court issued its alternative writ of mandamus in the terms requested. On the return day, the village demurred to the petition and the alternative writ of mandamus on the ground that petitioners have an adequate remedy at law and therefore are not entitled to the relief demanded. The petitioners appeal from the order sustaining the demurrer.

The issue presented is whether a municipality can be compelled by mandamus to institute condemnation proceedings to compensate abutting property owners for consequential damages resulting from a change of grade in a street. The village contends that the abutting property owners have an adequate remedy at law and that, therefore, the village cannot be required to institute such proceedings. Petitioners claim they have no adequate remedy at law to recover

consequential damages resulting from the change of grade. This is a simple statement of the controversy involved here.

The ground for the demurrer is to be found in M. S. A. 586.02, which reads:

*"The writ* [writ of mandamus] shall issue on the information of the party beneficially interested, but it *shall not issue in any case where there is a plain, speedy, and adequate remedy in the ordinary course of law."* (Italics supplied.)

In their statement of facts, petitioners state that they have brought this action to compel the village by mandamus to institute proper condemnation proceedings *for the assessment of the value of the property taken by the village.* In other words the action is brought solely to compel the village, by mandamus, to institute condemnation proceedings for the *assessment of damages* to petitioners' property.

Prior to the adoption in 1896 of the amendment to Minn. Const. art. 1, § 13, which inserted the words "destroyed or damaged" into the section, damages for injury to private property caused by a change of grade of a street were not recoverable against a municipality except in those cases where adjoining property was in fact invaded or the work of improvement had been negligently performed. Lee v. City of Minneapolis, 22 Minn. 13; Alden v. City of Minneapolis, 24 Minn. 254; O'Brien v. City of St. Paul, 25 Minn. 331; Henderson v. City of Minneapolis, 32 Minn. 319, 20 N. W. 322; Pye v. City of Mankato, 36 Minn. 373, 31 N. W. 863. See, Sallden v. City of Little Falls, 102 Minn. 358, 113 N. W. 884, 13 L.R.A.(N.S.) 790. After the amendment had been adopted, it was held that damages were recoverable by an abutting owner in an action at law for consequential damages resulting from acts of a municipality in lawfully changing an established grade or otherwise altering its streets. Dickerman v. City of Duluth, 88 Minn. 288, 92 N. W. 1119; Vanderburgh v. City of Minneapolis, 93 Minn. 81, 100 N. W. 668; Vanderburgh v. City of Minneapolis, 98 Minn. 329, 108 N. W. 480, 6 L.R.A.(N.S.) 741; Sallden v. City of Little Falls, 102 Minn. 358,

113 N. W. 884; Wallenberg v. City of Minneapolis, 111 Minn. 471, 127 N. W. 422, 856; Austin v. Village of Tonka Bay, 130 Minn. 359, 153 N. W. 738; Maguire v. Village of Crosby, 178 Minn. 144, 226 N. W. 398. In the Maguire case, this court said, after citing cases (178 Minn. 146, 226 N. W. 399):

"* * * It is thus seen that an action lies for damages against a city where injury has been caused to property abutting a street by its vacation or change of grade without paying or securing just compensation therefor."

There can be no question, therefore, that an action for damages for consequential injuries from change of grade exists. The question remains whether it is a plain, speedy, and adequate remedy at law. We think that it is. This court in Vanderburgh v. City of Minneapolis, 98 Minn. 329, 338, 108 N. W. 480, 482, said:

"* * * The damages for injuries of this nature, where no property is actually taken, are consequential, not direct; no person is actually deprived or dispossessed of his property, and the authorities hold that prepayment is unnecessary. The damages in such cases may be recovered against the municipality. Dickerman v. City of Duluth, 88 Minn. 288, 92 N. W. 1119. That remedy is adequate and sufficiently protects all constitutional rights."

In the instant case, petitioners are asking only for damages, and an action at law provides a plain, speedy, and adequate remedy.

In State ex rel. Whitten v. City of Spokane, 92 Wash. 667, 159 P. 805, mandamus was sought to compel the city to institute condemnation proceedings and assess and pay damages claimed to have been suffered by abutting property by reason of the regrading of the street. The facts are therefore similar to those in the instant case. The supreme court affirmed the order sustaining a demurrer to the petition for the writ. It said (92 Wash. 668, 159 P. 805):

"* * * the only remedy of the property owner was to take compensation. The city, having proceeded to damage relator's property without instituting condemnation proceedings as against her, she had a clear right to an action for any damages sustained by reason

of the city's action. * * * Having a plain, speedy and adequate remedy at law, this proceeding cannot be maintained, for it is a well established rule that mandamus will not lie where there is an adequate remedy at law."

Petitioners cite as controlling State, by Peterson, v. Anderson, 220 Minn. 139, 19 N. W. (2d) 70, in which we held that mandamus was a proper remedy where the state had omitted certain properties affected by a construction from the condemnation proceedings. In that situation, no action for damages could have been brought against the state, and therefore no adequate remedy at law existed. For that and other reasons stated in the opinion, mandamus was held to be a proper remedy.

For the reasons above given, we are of the opinion that the court did not err in sustaining the demurrer.

Order affirmed.