IN RE WIDENING EAST FRANKLIN AVENUE.
ABRAHAM GERSHONE AND ANOTHER v. CITY OF
MINNEAPOLIS.[1]

July 17, 1953.

Nos. 36,027, 36,028.

*Kelly, Levander & Gillen,* for appellants.

*John F. Bonner,* City Attorney, and *Palmer B. Rasmusson,* Assistant City Attorney, for respondent.

[1]Reported in 60 N. W. (2d) 23.

KNUTSON, JUSTICE.

The facts necessary to a determination of the questions raised by this appeal briefly are as follows: On April 5, 1949, the city of Minneapolis passed a resolution providing for the commencement of condemnation proceedings under its city charter in connection with a grade separation under the tracks of the Chicago, Milwaukee, St. Paul & Pacific Railroad Company at the intersection of East Franklin and Cedar avenues. Appellants are the owners of lots 18 and 19 of block 1, Foster's Addition to Minneapolis, on which they operate a box factory. This property was located on the fringe of the land required for the street improvement project. In the original condemnation proceeding the city sought to take the north one foot of lot 19, which would include a brick wall on the north side of appellants' factory, and appellants were awarded $50 for the land to be taken and $1,950 as damages for the rebuilding of the wall. Appellants, contending that there were other elements of damage which had not been taken into consideration, filed objections to the confirmation of the report of the commissioners, but the report was confirmed. On March 1, 1950, appellants filed their notice of appeal to the district court.

On March 31, 1950, the city council passed a resolution stating:

"That all proceedings in connection with Condemnation No. 41 pertaining to the grade separation in the vicinity of Cedar avenue and East Franklin avenue be and are hereby in all things abandoned in so far only as said condemnation affects the following described property; Lot 19, Block 1, Foster's Addition to Minneapolis; the east-west alley in said block, and that portion of Cedar avenue lying south of the northerly line of said alley extended easterly to the east line of Cedar avenue."

This resolution was intended to abandon all condemnation proceedings against appellants' property. Thereafter the city moved the court to dismiss the appeal. The motion was opposed by appellants, but the court granted the motion. Appellants thereupon appealed from the order dismissing their appeal to the district court and

also applied for a writ of certiorari to review the proceedings, which we issued.

It is the contention of appellants that the street improvement project has resulted in very substantial damages to their property by virtue of the fact that Cedar avenue has been cut off in such a way as to create a cul-de-sac depriving appellants of ingress to and egress from their property onto Franklin avenue except by a roundabout route, thereby greatly diminishing the value of the property. They further contend that they have a right to have the damages to their property determined in the condemnation proceedings and that, if the city has a right to dismiss the proceedings as to their property, such dismissal should have been conditioned upon payment of appellants' expenses, including attorney's fees, necessitated by the inclusion of appellants' property in the condemnation proceedings.

The appeal and writ of certiorari present two questions:

(1) Did the city have a right to abandon the condemnation of appellants' property?

(2) If the city had a right to abandon condemnation of appellants' property, could it do so without payment of appellants' expenses, including reasonable attorney's fees?

■ It is conceded that the establishment of a cul-de-sac entitles the property owner to compensation for the damage sustained. We are not concerned here with the merit of appellants' claim for damages. Appellants concede that the city could have left their land out of the condemnation proceedings in the first instance if it did not actually take any of their property and that, had it done so, appellants would have available an action for consequential damages under our decision in Collins v. Village of Richfield, 238 Minn. 87, 55 N. W. (2d) 628. In that case, we held that a landowner has an adequate remedy at law to recover consequential damages to property for injury caused by a change of grade of a street where no part of the land actually is taken.

Minneapolis City Charter and Ordinances (Perm. ed.) c. 10, § 7, reads as follows:

"The City Council shall have the right at any time during the pendency of any proceedings for the improvements authorized in this Chapter, or at any time within ninety (90) days after the final order of the Court, on any appeal from such proceedings, to abandon all such proceedings whenever it shall deem it for the interest of the city to do so, which right to so abandon such proceedings within ninety (90) days after the final order shall apply to all proceedings now pending in which the City of Minneapolis has not yet paid for or obtained title to any property condemned by said proceedings for public use."

We believe that this charter provison must be construed to mean that the city has the right in a condemnation proceeding to abandon within the time specified the condemnation of any land included therein. Having such right, the landowner must thereafter proceed in a suit for consequential damages in the same manner as if the land had not been included in the first instance. We see no reason why the city should be compelled to determine damages in a condemnation proceeding when it has been abandoned any more than it would be compelled by mandamus to condemn the property if damages resulted where the city did not institute condemnation proceedings at all. We believe that this issue of the case is governed by Collins v. Village of Richfield, 238 Minn. 87, 55 N. W. (2d) 628, *supra*.

This case is not to be confused with similar situations in which the state is involved. In such cases we have held that the state may be compelled to institute condemnation proceedings by mandamus. State, by Peterson, v. Anderson, 220 Minn. 139, 19 N. W. (2d) 70. That rule is based on the fact that the state is immune from suit and the landowner has no other adequate remedy at law against the state, which is not true where a city is involved. The distinction between the two situations is recognized in the Richfield case.

■ Where the city abandons the condemnation of land included in a condemnation proceeding, is the landowner entitled to recover expenses, including attorney's fees, incurred in protecting his rights in the condemnation proceeding?

Minneapolis City Charter and Ordinances (Perm. ed.) c. 10, § 6, provides in part:

"* * * Said Court [on appeal] shall allow a reasonable compensation to such Commissioners for their services, and make such award of costs on such appeal, including compensation of such Commissioners as it shall deem just in the premises.

"In case the Court shall be of the opinion that such appeal was frivolous or vexatious, it may adjudge double costs against such appellant."

Appellants seek either to have us apply M. S. A. 117.16 or to have us, by analogy, construe the above Minneapolis charter provision as providing for the same result in an abandonment of a condemnation proceeding as provided under § 117.16. Section 117.16 reads as follows:

"All damages allowed under this chapter, whether by the commissioners or upon appeal, shall bear interest from the time of the filing of the commissioners' report. If the award be not paid within 60 days after such filing, or, in case of an appeal, within the like period after the final judgment thereon, the court, on motion of the owner of the land, shall vacate the award and dismiss the proceeding as against such land. When the proceeding is so dismissed or the same is discontinued by the petitioner the owner may recover from the petitioner reasonable costs and expenses including fees of counsel."

McRostie v. City of Owatonna, 152 Minn. 63, 188 N. W. 52, involved a similar claim as applied to the city charter of Owatonna. That charter provided (c. 7, § 10):

"The city council shall have the right at any time during the pendency of any proceedings for the improvements authorized in this chapter, or at any time within thirty (30) days after the final order of the court, on any appeal from such proceedings, to abandon all such proceedings whenever it shall deem it for the interest of the city so to do, upon payment of all costs and disbursements of the adverse party."

We held that G. S. 1913, § 5410 (now M. S. A. 117.16), did not apply. We there said (152 Minn. 68, 188 N. W. 54):

"It is also noted that, while the general law in relation to the exercise of the right of eminent domain expressly includes attorneys' fees to the landowner in case of the abandonment of the proceeding, defendant's charter provision does not include the same, but provides only for 'all costs and disbursements.' As said in Pittsburgh's Petition, 243 Pa. St. 397, with reference to the word 'costs' in a similar statute: 'The word "costs" as used in this connection has a fixed and definite meaning, viz, costs authorized by statutes,' and the court approved the conclusion of the trier that the act 'had in contemplation only such costs as may be legally taxed in the ordinary action, and not those expenses which a party to the cause may have incurred.' We think that applies to the charter provision of defendant. That would exclude counsel fee and nontaxable expenses such as time spent by the owner and the like."

Barmel v. Minneapolis-St. Paul Sanitary Dist. 201 Minn. 622, 277 N. W. 208, arose under the so-called Elwell Law, M. S. A. c. 430. Section 430.03 contains the following provision, which is almost identical with that found in the Minneapolis charter:

"* * * The court [on appeal] shall allow a reasonable compensation to these commissioners for their services, and make such award of costs on the appeal, including the compensation of commissioners, as it shall deem just in the premises."

In holding that upon abandonment of the condemnation proceeding commenced under the Elwell Law the landowner could not recover expenses, including attorney's fees, we said (201 Minn. 626, 277 N. W. 210):

"* * * The legislature did not consider it wise or just in such proceedings to create such a cause of action as the plaintiff here asserts. At common law or in the absence of statute, no cause of action arose in favor of the landowner when a condemnation proceeding was dismissed. McRostie v. City of Owatonna, 152 Minn. 63, 67, 188 N. W. 52. * * * We are therefore of the opinion that

there was no intention on the part of the legislature to make [Mason St. 1927] c. 41, § 6552 [now M. S. A. 117.16], apply to any other proceedings than those taken under that chapter. In McRostie v. City of Owatonna, 152 Minn. 63, 188 N. W. 52, it was definitely held that the provision which is now § 6552 [§ 117.16] did not apply to a proceeding under a city charter. A city charter is no more distinct from c. 41 than is the subsequently passed Elwell act, which in effect but supplements the charter provisions of the cities to which it applies."

The present claim of appellants to attorney's fees and expenses is governed by the two decisions above cited. It is clear that § 117.16 does not apply, and there being no provision in the Minneapolis city charter for the recovery of attorney's fees or expenses claimed by appellants, no right to recover the same exists. The decision of the trial court must be affirmed on both points.

Affirmed.