CITY OF THIEF RIVER FALLS,
Respondent,

v.

UNITED FIRE & CASUALTY
CO., Appellant.

No. C9–82–1359.

Supreme Court of Minnesota.

July 15, 1983.

Rehearing Denied Aug. 19, 1983.

Charlson & Marben and Kurt J. Marben, Thief River Falls, for appellant.

Wurst, McDowell & Ihle and Robert A. Wurst, Thief River Falls, for respondent.

SCOTT, Justice.

Defendant United Fire & Casualty Company (United) appeals from a judgment in favor of plaintiff City of Thief River Falls (City) in this suit for damages due to failure to defend pursuant to the terms of an insurance policy. The dispositive issue on appeal is whether an action for a writ of mandamus is one "seeking damages" within the meaning of the contract language. We are persuaded that it clearly and unambiguously is not and, therefore, we reverse.

The facts are uncontroverted. In June 1980 the City installed traffic control signals at a certain T intersection and eliminated adjacent on-street parking. Property abutting the top of the T then was being used to operate a convenience grocery store whose customers frequently parked on the street. In February 1981 the grocery store closed, allegedly because the City's changes reduced business by making access inconvenient. In July 1981 the store owners petitioned for a writ of mandamus compelling the City to initiate proceedings to condemn the property's easement of ingress and egress.

At the time the mandamus action was commenced the City was insured under a policy with United entitled "Public Officials Errors and Omissions Insurance." The poli-cy required payment of claims "caused by any negligent act, error or omission of the Insured." It also obligated United to "[d]efend * * * any suit against the Insured alleging such negligent act, error or omission and seeking damages on account thereof, even if such suit is groundless, false or fraudulent." The City tendered defense of the mandamus action to United on the ground that coverage existed under the policy. United refused to defend.

The City proceeded to conduct its own defense and successfully obtained a judgment against the store owners. The City subsequently commenced this suit against United to recover attorney fees, costs and disbursements as damages for breach of the obligation to defend contracted for in the insurance policy. Upon cross-motions for summary judgment the trial court ruled that the store owners' claim was arguably within the coverage afforded by the policy and, accordingly, ordered judgment for the City. This appeal followed.

It is well-established that if any part of a claim against an insured is arguably within the scope of coverage afforded by an insurance policy the insurer should defend and reserve its right to contest coverage based on facts developed at trial. *Brown v. State Automobile & Casualty Underwriters,* 293 N.W.2d 822 (Minn.1980). Here the aspect of coverage to which both the parties and the trial court devoted most attention was whether the City's installation of semaphores and concomitant elimination of on-street parking constituted a "negligent act, error or omission" and whether such act was excluded from coverage as intentional. We are persuaded, however, that even if the City's conduct is assumed to be arguably the type intended to be insured against no duty to defend arose because the conduct did not result in a suit "seeking damages" as required by the policy.[1]

---

1. The City contends that this argument was not presented to the trial court and that it was, therefore, waived. We find the record too incomplete to reach such a conclusion. There is neither a transcript of arguments made below nor a copy of any brief submitted there. Moreover, the trial court's memorandum observes that a constitutional injury to property gives rise to a right to damages, an observation sug-

Mandamus is a command issuing to an inferior tribunal, corporation, board or person "to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station." Minn.Stat. § 586.01 (1982). Minn.Stat. § 586.09 (1982) permits a plaintiff who successfully petitions for a writ of mandamus also to recover the "damage" he sustained in procuring it. We think it obvious that the essence of mandamus is to secure performance of a legally required act. An award of damages is merely ancillary to this primary relief. We conclude, therefore, that the policy term "suit * * * seeking damages" unambiguously does not include actions for mandamus generally.

Nor are we convinced that the nature of the act sought to be compelled in the present case should qualify the store owners' suit as one "seeking damages." The store owners sought to mandate initiation of condemnation proceedings pursuant to Minn.Stat. Ch. 117 (1982) alleging a constitutional "taking" of their right of access to the public street. Although Chapter 117 refers to condemnation awards as "damages" they are, in essence, compensation for rights purchased by the condemning authority. The policy language at issue here clearly was not intended to cover situations where the City acquired something of equal value to the "damage" inflicted.

The City finally relies upon *Collins v. Village of Richfield,* 238 Minn. 87, 55 N.W.2d 628 (1952), and its progeny as establishing that the store owners nonetheless could have subjected the City to a suit for damages. Whether *Collins* would apply in these circumstances is irrelevant since the store owners elected to proceed by mandamus rather than at law for damages. An insurer need not hypothesize regarding other potential claims against its insured when a specific complaint has been served.

Reversed.

gesting that the judge was cognizant of this element of the case.